E-filing

**ORIGINAL**

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___Nguyen_____Sunny_____

     (Last)        (First)        (Initial)

08 JUL 17 PM 2:33

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number ___F-51639_____

Institutional Address ___Pelican Bay State Prison  A5-232____

====================================================

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Sunny V. Nguyen
_____

(Enter the full name of plaintiff in this action.)

        vs.

Robert  A. Horel
_____

     "Warden"
_____

_____

_____

_____

(Enter the full name of respondent(s) or jailer in this action)

**CV 08    3457**

Case No. _____

(To be provided by the clerk of court)

**SBA**

PETITION FOR A WRIT
OF HABEAS CORPUS

**(PR)**

====================================================

## Read Comments Carefully Before Filling In

### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located.  If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a)   Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>Santa Clara County Superior Court</u>   <u>San Jose</u>

　　　　　Court　　　　　　　　　　　Location

(b)   Case number, if known ___191354_____

(c)   Date and terms of sentence <u>Oct.27,2006-LWOP+30yrs-Life+30yrs</u>

(d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes <u>X</u>    No _____

Where?   <u>California Department Of Corrections</u>

Name of Institution: <u>Pelican Bay State Prison</u>

Address: ___P.O.Box 7500 Crescent City, CA._____

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>Three Counts Of First Degree Murder P.C 187/ Use Of A Fire Arm During</u>

<u>The Commission Of The Three Offenses P.C.12022.5,Subdivision(a)(1) And</u>

<u>P.C.1203.06,Subdivision(a)(1)(A)/ Mutiple Murder Special Circumstance</u>

P.C.190.2 Subdivision(a)(3)

petition?                                    Yes __X__     No_____

(c)    Was there an opinion?                 Yes __X__     No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                             Yes _____     No__X__

If you did, give the name of the court and the result:

    Not applicable _____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes _____     No__X__

    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: Not Applicable _____

           Type of Proceeding: _____

           Grounds raised (Be brief but specific):

               a._____

               b._____

               c._____

               d._____

           Result: _____Date of Result:_____

        II.    Name of Court: Not Applicable _____

           Type of Proceeding: _____

           Grounds raised (Be brief but specific):

1    a._____

2    b._____

3    c._____

4    d._____

5    Result: _____Date of Result:_____

6    III.    Name of Court: _Not Applicable_____

7    Type of Proceeding: _____

8    Grounds raised (Be brief but specific):

9    a._____

10    b._____

11    c._____

12    d._____

13    Result: _____Date of Result:_____

14    IV.    Name of Court: _____

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a._____

18    b._____

19    c._____

20    d._____

21    Result: _____Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23    Yes _____    No __X__

24    Name and location of court: _Not Applicable_____

25    B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27    support each claim.  For example, what legal right or privilege were you denied?  What happened?

28    Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: The trial court committed reversible error when it denied

6  appellant's request to instruct the jury that involuntry manslaught-
   er -continue 6a-

7  Supporting Facts: The court violated the petitioner's 6th and 14th amend-

8  ment rights by denying a request to instruct on involuntary man-

9  slaughter. This ruling goes against clearly established federal law.

10  _____

11  Claim Two: The trail court committed reversible error when it instruct-

12  ed the jury that, for purpose of involuntary manslaughter, malice
   -continue 6a-

13  Supporting Facts: The erroneous instruction the court gave to the jury

14  violated the petitioners 6th and 14th amendment rights, this action

15  by the courts goes against clearly established federal law.

16  _____

17  Claim Three: _____

18  _____

19  Supporting Facts: _____

20  _____

21  _____

22  _____

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

CONTINUED-

Claim One: – can be based on a death occuring during the commission of a felony assault with a deadly weapon.

Claim Two: – is not present only if the homicide's occured as a result of the use of unreasonable self-defense.

1  List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  _____

5  _____

6  _____

7  Do you have an attorney for this petition?              Yes_____      No **X**___

8  If you do, give the name and address of your attorney:

9  ____Not applicable_____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _July 10, 2008_              _____

14              Date                                    Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

# EXHIBIT



# COPY

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SUNNY VAN NGUYEN,<br><br>    Defendant and Appellant. | H030918<br>(Santa Clara County<br>Super. Ct. No. 191354)<br><br> |

A jury convicted defendant Sunny Van Nguyen of one count of first degree murder and two counts of second degree murder. It also found that defendant had committed multiple murders (special circumstance for life-without-parole sentence for first degree murder) and personally used a firearm in each of the murders (10-year sentence enhancements). On appeal, defendant contends that the trial court erred by (1) refusing his request to instruct the jury on the involuntary manslaughter theory that he committed the predicate felony of assault with a deadly weapon, and (2) instructing the jury in the language of CALJIC No. 8.45 (theories of involuntary manslaughter) without eliminating the reference to the unreasonable self-defense theory. We affirm the judgment.

### BACKGROUND

While defendant socialized in a nightclub with members of the "Asian Boys" gang, someone shot one of the gang members and ran away. Defendant and others then gathered at a home, upset and wanting to know who shot their friend. One of those

gathered answered the telephone and learned that the shooter was at the May Tiem Café. The group talked about getting the shooter. Some took out guns. Khan Hinh then drove defendant, Senh Duong, and Khoa Nguyen to the café. Defendant possessed a 9-millimeter semi-automatic Glock,[1] Duong possessed a handgun, and Nguyen possessed a shotgun. Another driver from the home transported three others with handguns to the café. Since no one could identify the shooter, the plan was to shoot at random. When the cars arrived at the café, six gunmen entered. One had a shotgun and five had handguns. Defendant and the other gunmen went to a game room in the café and started firing at three unarmed victims who were playing videogames. Defendant fired seven shots. One entered a victim's back. When the firing stopped, the six fled. The victims died from massive injuries.

Defendant told his girlfriend that he had fired one or two shots into a wall. He told another that he had just turned his head, pointed the gun, and shot. He described to another that he became sick at seeing one of the victim's neck being almost blown off and turned his head away, firing his own gun without looking.

Defendant asked the trial court to instruct the jury as to involuntary manslaughter by (1) adapting the standard instruction (CALJIC No. 8.45) to inform that involuntary manslaughter could be found if a killing resulted from a felony assault with a deadly weapon, and (2) giving the standard instructions on assault with a deadly weapon (CALJIC Nos. 9.00, 9.02). He argued that the evidence supported that he was not trying to shoot anyone but instead "turned his head and pointed towards the wall and pulled the trigger of his gun a number of times." The trial court disagreed that an involuntary manslaughter instruction on this theory was justified. It reasoned that defendant admitted

---

[1] An automatic weapon fires bullets so long as the trigger is depressed. A semi-automatic weapon ejects a fired cartridge and reloads a new cartridge automatically but requires the shooter to pull the trigger for each shot fired.

intentionally shooting a gun, which was a felony rather than a misdemeanor or gross negligence. Defendant countered that "If you're firing at a wall intending to hit a wall, I'm not sure that that would give rise to an assault." The People agreed with the trial court but "in an abundance of caution" agreed to an involuntary-manslaughter instruction where the predicate offense was misdemeanor brandishing a weapon. They reasoned that a basic rule for involuntary manslaughter is that it can arise from a misdemeanor rather than a felony. The trial court then agreed to instruct on the involuntary manslaughter theory of a killing resulting from misdemeanor brandishing a weapon.

The trial court gave the jury numerous standard instructions on murder. Then, over defendant's objection grounded on his refused request, it instructed the jury in the language of CALJIC No. 8.45 as follows.

"Every person who unlawfully kills a human being, without malice aforethought, and without an intent to kill, and without conscious disregard for human life, is guilty of the crime of involuntary manslaughter in violation of Penal Code section 192 [subdivision] (b). [¶] There is no malice aforethought if the killing occurred in the actual but unreasonable belief and necessity to defend oneself or another person against imminent peril to life or great bodily injury. [¶] A killing in conscious disregard for human life occurs when a killing results from an intentional act, the natural consequences which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for human life. [¶] A killing is unlawful within the meaning of this instruction[] if it occurred: [¶] One, during the commission of an unlawful act which is dangerous to human life under the circumstances of its commission; or, [¶] Two, in the commission of an act, ordinarily lawful, which involves a high degree of risk of death or great bodily injury, without due caution and circumspection. [¶] A violation of Penal Code section 417, exhibiting a firearm, is an unlawful act. The commission of an unlawful act, without due caution and circumspection, would necessarily be an act that was dangerous

3

to human life in its commission. [¶] In order to prove this crime, each of the following elements must be proved: [¶] One, a human being was killed; and [¶] Two, the killing was unlawful."

The trial court thereafter instructed on misdemeanor brandishing a weapon as follows. "Every person who, in the presence of another person, draws or exhibits any firearm, whether loaded or unloaded in a rude, angry or threatening manner, or who in any manner unlawfully uses the same in any fight or quarrel, is guilty of a violation of Penal Code section 417 [subdivision] (a)(2), a misdemeanor. [¶] In order to prove this crime, each of the following elements must be proved: [¶] One, a person, in the presence of another person, drew or exhibited a firearm, whether loaded or unloaded, and, [¶] Two, that person did so in a rude, angry or threatening manner; and, [¶] Three, the person was not acting in lawful self-defense."

<u>ASSAULT WITH A DEADLY WEAPON THEORY</u>

Defendant contends that the trial court erred by failing to instruct the jury on his proffered theory of involuntary manslaughter—a killing that occurred in the commission of a felony that was not inherently dangerous to human life. (See *People v. Burroughs* (1984) 35 Cal.3d 824, 835, overruled on another ground in *People v. Blakeley* (2000) 23 Cal.4th 82, 89-91.) He argues that assault with a deadly weapon is not an inherently dangerous felony and there was substantial evidence from which the jury could have found that the killings were committed during the commission of an assault with a deadly weapon. He cites authorities to support the legal argument that assault with a deadly weapon is not an inherently dangerous felony. And he relies on his witnesses who attested to his self-serving statements to the effect that he shot into a wall without looking. We reject defendant's claim.

An unlawful killing is either murder or manslaughter, and the defining boundary between the two is malice. (*People v. Rios* (2000) 23 Cal.4th 450, 460.) Involuntary manslaughter is generally considered a lesser included offense of murder. (*People v.*

*Prettyman* (1996) 14 Cal.4th 248, 274.) The trial court must instruct on lesser included offenses even in the absence of a request " 'when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.' " (*People v. Barton* (1995) 12 Cal.4th 186, 194-195.) The duty extends to all theories of a lesser included offense. (*People v. Lee* (1999) 20 Cal.4th 47, 60-61.) Therefore, for example, instructing on a criminal-negligence, but not a misdemeanor-manslaughter, theory of involuntary manslaughter may be error. (*Ibid.*)

In a context similar to the one before us, however, the Supreme Court has explained that claims of instructional error, such as defendant's claim, are patently nonprejudicial. " 'Because a trial court's failure to instruct on a lesser included offense is not prejudicial if, as here, the jury necessarily resolved the factual question adversely to the defendant under other instructions [citations], we need not decide whether in this case the evidence required the giving of instructions on [involuntary] manslaughter.' [Citations.] By finding defendant guilty of first degree murder in the face of exhaustive instructions pertaining to the lesser included offenses of second degree murder and voluntary manslaughter, the jury reached the factual conclusion that defendant acted with malice aforethought, deliberation, and premeditation, and necessarily rejected the argument that defendant's claimed . . . taking of methamphetamine interfered with his ability to form these requisite mental states. Thus, to the extent the failure to give the involuntary manslaughter instruction was error, it was harmless." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1155-1156; accord *People v. Seaton* (2001) 26 Cal.4th 598, 665; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 18, 21-22.)

Likewise, defendant's murder convictions presuppose that the jury found that defendant had acted with malice. This finding necessarily precludes a finding of involuntary manslaughter. (See, e.g., *People v. Earp* (1999) 20 Cal.4th 826, 886 [by finding true two special circumstance allegations, jury necessarily determined the killing

was first degree felony murder and not any lesser form of homicide; failure to give implied malice second degree murder and involuntary manslaughter instructions was harmless].)

Moreover, defendant's argument is essentially that he should have been allowed to tell the jury that he committed a felony (assault with a deadly weapon) so as to defend the murder theory with a *Burroughs* theory. But a *Burroughs* theory is indistinguishable from a traditional misdemeanor-manslaughter theory. The only distinction between the two theories is that the predicate "unlawful act" in a *Burroughs* theory is a felony while the predicate "unlawful act" in a traditional misdemeanor-manslaughter theory is a misdemeanor. This is a distinction without a difference. Here, the trial court's instructions allowed defendant to tell the jury that he committed a misdemeanor (brandishing) so as to defend the murder theory with a traditional misdemeanor-manslaughter theory. (*People v. Steele* (2000) 83 Cal.App.4th 212, 218 [brandishing is a lesser related offense of assault with a deadly weapon rather than lesser included offense, "though most assaults with a firearm undoubtedly include conduct fitting into the definition of brandishing"].) In other words, the trial court's instructions allowed defendant to use the same facts and argue the same theory that he sought to use and argue via his proffered instructions. There is no conceivable prejudice.

## CALJIC NO. 8.45

Defendant contends that the trial court erred by giving CALJIC No. 8.45 without first eliminating the reference to unreasonable self-defense ("There is no malice aforethought if the killing occurred in the actual but unreasonable belief in the necessity to defend oneself or another person against imminent peril to life or great bodily injury"). According to defendant, the instruction tells the jury that there is only one theory that can negate malice (unreasonable self-defense). Defendant reasons that the instruction misled the jury into believing that it could not find involuntary manslaughter absent unreasonable self-defense, a theory that was not in issue. We disagree with defendant.

6

"In considering a claim of instructional error we must first ascertain what the relevant law provides, and then determine what meaning the instruction given conveys. The test is whether there is a reasonable likelihood that the jury understood the instruction in a manner that violated the defendant's rights." (*People v. Andrade* (2000) 85 Cal.App.4th 579, 585.) The correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction. (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248.) Accordingly, to prevail on a claim that the jury instructions were misleading, the defendant must prove a reasonable likelihood that the jury misunderstood the instructions as a whole. (*People v. Van Winkle* (1999) 75 Cal.App.4th 133, 147.) We assume jurors are intelligent persons capable of understanding and correlating all jury instructions given. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1148.)

Defendant's interpretation of CALJIC No. 8.45 is unreasonable. The instruction plainly states that "Every person who unlawfully kills a human being without malice aforethought . . . is guilty of . . . involuntary manslaughter." The later reference to "There is no malice aforethought if the killing occurred [during unreasonable self-defense]" by no means states or implies that "without malice aforethought" exists only if there is unreasonable self-defense. Such a construction would render meaningless the rest of the instruction, which informs that a killing is unlawful within the meaning of involuntary manslaughter if it results from an unlawful act dangerous to life or a lawful act committed without due caution. Considering the instruction as a whole, the reference to unreasonable self-defense can only be construed to refer to a form of involuntary manslaughter that is defined by the mental state of the actor rather than by the unlawful or lawful act of the actor. Defendant simply fails to demonstrate a reasonable likelihood that the jury misunderstood CALJIC No. 8.45.

## DISPOSITION

The judgment is affirmed.

7

_____
                Premo, J.


WE CONCUR:


_____
        Rushing, P.J.


_____
        Elia, J.


People v. Nguyen
H030918

# EXHIBIT



Court of Appeal, Sixth Appellate District - No. H030918
**S163046**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

SUNNY VAN NGUYEN, Defendant Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, Sunny Nguyen_____, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __A5__ Cell

Number _232_, Crescent City, CA  95532-7500.

On the _10_ day of _July_____, I served the following (set forth the exact

title of document(s) served):

      Petition for Writ Of Habeas Corpus._____

      Sending one original and two true copies._____

_____

_____

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA  95532, and addressed as follows:

U.S Northern Dist. Of Calif.          _____

  U.S Courthouse                     _____

  450 Golden Gate Ave                _____

  San Francisco, CA. 94102-3483      _____

I declare under penalty of perjury that the foregoing is true and correct.

_____          7/10/08
Inmate Signature              Date



NAME: *Sunny Nguyen*

CDC NO: *F-51639* HOUSING: *AS-232*

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

JUL 14
PM
2008

U.S. NORTHERN DIST. OF CALIF.
U.S. COURTHOUSE
450 GOLDEN GATE AVE
SAN FRANCISCO  CA  94102-3483

# LEGAL MAIL

